Filed 7/30/26  P. v. Ruiz CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OMAR RUIZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B350370<br>(Super. Ct. No. 2025017850)<br>(Ventura County) |

Omar Ruiz appeals a judgment following his August 2025 guilty plea to conspiracy to sell and transport a controlled substance.  (Pen. Code, § 182, subd. (a)(1); Health & Saf. Code, § 11379, subd. (a).)  He admitted a gang enhancement (§ 186.22, subd. (b)(1)) and admitted that he suffered three prior strike convictions under the "Three Strikes" law (§§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c)).  The trial court sentenced Ruiz to an aggregate prison term of 35 years to life.

In 2018, in an unrelated case, Ruiz was sentenced to 156 years to life in state prison for various crimes, including murder (Pen. Code, §§ 187, subd. (a), 189), shooting at an inhabited

dwelling (*id.*, § 246), evading an officer (Veh. Code, § 2800.2, subd. (a)), possessing of a machine gun/assault weapon (Pen. Code, § 245, subd. (d)(3)), possessing a firearm by a felon (*id.*, § 29800, subd. (a)(1)), and being a felon with body armor (*id.*, § 31360, subd. (a)).

In 2025, while in custody, Ruiz was charged with criminal conspiracy to sell methamphetamine for the benefit of a criminal street gang and three prior strike convictions. At the change of plea hearing, Ruiz appeared with counsel. He was advised of his rights and the consequences of his plea. Ruiz waived his rights and pleaded guilty to the charged offense, admitted three prior strike convictions, and admitted the People's allegations that he conspired with another gang member to "transport methamphetamine in Ventura County." The trial court accepted his plea. At sentencing, the court found that Ruiz "clearly indicated to [court] and counsel that he was aware of what the sentence on this case would be and he wanted to go forward with it without further litigation or further discussion . . . ."

We appointed counsel to represent Ruiz. Counsel examined the record and filed an opening brief requesting that this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On May 18, 2026, we sent a notice to the address on file for Ruiz advising he had 30 days to submit any grounds for appeal, contentions, or arguments he wished us to consider. We have received no such submission from Ruiz.

We have reviewed the entire record and are satisfied that Ruiz's counsel has fully complied with his responsibilities and that no arguable issue exists. (*Wende*, *supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



YEGAN, Acting P. J.



CODY, J.

David M. Hirsh, Judge

Superior Court County of Ventura

_____

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.